UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WESTERN UNION FINANCIAL SERVICES, INC.,

               Plaintiff,

-against-                                    INDEX NO.1:15-cv-08177(PGG)

METROPOLITAN CHECK CASHING, INC.,
BETHEX FEDERAL CREDIT UNION,
MIGUEL MOTA and SELENE MUNOZ,

               Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BETHEX'S MOTION FOR RECONSIDERATION

 

LAW OFFICES OF DAVID J. FINKLER, P.C.
David J. Finkler, Esq., counsel
Attorneys for Plaintiff
266 Harristown Road, Suite 203
Glen Rock, N.J. 07452
(201) 689-0001
(201) 689-1311 (fax)
dfinkler.lawdjf@verizon.net

New York Address:
9 East 38th Street, 3rd Floor
New York, N.Y. 10016
(212) 675-3520

## TABLE OF AUTHORITIES

Allied Maritime v. The Rice Corp., 361 F.Supp 2d 148 (SDNY 2004)..........9,10

Ashcroft v. Iqbal, 556 US 662 (2009)..........8

Benjamin v. Litt, 79 F3d. 318 (2nd Cir. 1996)..........2

Bell Atl. Corp. v. Twombly, 550 US 544 (2007)..........8

Boddie v. Schneider, 105 F3d. 857 (2nd Cir. 1997)..........3

Carolco Pictures v. Sirota, 700 F.Supp 169 (SDNY 1988)..........10

Century Indemnity v. Bank of Gowanda, 35 NYS2d 396 aff'd 263 AD 1068 (1941)..........6

Daly v. Atlantic Bank, 201 AD2d. 128, 614 NYS2d 418 (1st Dept 1994)..........5,6

Dellefave v. Access Temps, No 99 Civ 6098, 2001 WL 286771 (SDNY 3/22/01)..........9

Grace v. Corn Exchange, 287 NY 94 (1941)..........6

Houbigant v. ACB Mercantile, 914 F.Supp 997 (SDNY 1996)..........10

RMed v. Sloan's Supermarket, 207 F.Supp2d 292 (SDNY 2002)..........9

Shrader v. CSX Transp., 70 F3d 255 (2nd Cir. 1995)..........4

C.P.L.R. § 3211(a)(7)..........1,2

F.R.C.P. §12(b)(6)..........2,3

12 U.S.C. §12(b)(6)..........2,3

Federal Credit Union Act..........1,3,4,10,11

12 U.S.C. §701.39(a)(5)..........3

Local Rule 6.3..........9

N.Y. Banking Law §651-a..........4

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

STATEMENT OF FACTS.....................................................................................................1

POINT I.  The Subject Motion Must Be Examined Under the Standards For a Motion to
Dismiss Pursuant to the Federal Rules of Civil Procedure 12(b)(6).......................................2

POINT II.  Defendant Bethex's Rote Reliance Upon the Federal Credit Union Act Fails to
Recognize the Claim by Plaintiff Western Union to Its Own Funds, As Corroborated by
Defendant Met, and that The Funds Seized by Defendant Bethex From the Bank Accounts
of Defendant Met Were Actually Funds Belonging to the Plaintiff.......................................3

      a.  A Review of the Plaintiff's Complaint Pursuant to the Federal Rules of Civil
      Procedure will Warrant the Same Conclusion Here As Was Reached by Judge
      Barone of the State Court......................................................................................7

POINT III.  The Federal Credit Union Act Does Not Sanction The Taking of a Third-Parties'
Property..................................................................................................................................9

POINT IV.  The Defendant Bethex's Argument is Not Supported by the Facts....................10

CONCLUSION......................................................................................................................12

**Statement of Facts**: On June 30, 2015 the Hon. John Barone, J.S.C., issued a decision in the New York State Supreme Court denying the Defendant, Bethex Federal Credit Union's (hereinafter "Bethex") pre-answer motion to dismiss the Plaintiff, Western Union Financial Services, Inc's, (hereafter "Western Union") Verified Complaint and the Cross-Claims of Defendant Metropolitan Check Cashing, Inc. (hereinafter "Met"). The decision by Judge Barone was based upon the fact that, without any discovery at all, before filing an answer the Defendant Bethex sought dismissal as a matter of law pursuant to CPLR section 3211(a)(7) and the Federal Credit Union Act ("FCUA"). Judge Barone denied the motion on the grounds that there were factual issues to be resolved by discovery between the parties. The Defendant Bethex now contests that decision through this motion for reconsideration, ostensibly under the authority of Local Rule 6.3 of this Court. That Rule states, in pertinent part, as follows:

> **There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked...**

The moving papers before this Court and the memorandum of law submitted by Defendant Bethex do not proffer any "controlling decisions" which it claims were overlooked by the State Court. Rather, the Defendant Bethex's sole argument appears to be that the State Court erred in failing to apply the Federal Credit Union Act to all funds held in bank accounts of the Defendant Met at Defendant Bethex without regard for any evidence that existed, or might be uncovered through the discovery process, pertaining to the issue of whether the funds in question were actually the property of Defendant Met when seized by Defendant Bethex to off-set its own losses.

It is respectfully submitted that the State Court properly interpreted the law and concluded that:

> **The argument here makes it clear to the court that mixed issues of law and fact are involved which render the dispute herein difficult to resolve at this state of the litigation...A record must be developed to resolve questions of fact See, Rimberg & Associates P.C. v. Jamaica Chamber of Commerce, In., 40 AD3d. 1066 ( 2nd Dept 2007), see also Cabibi V. Lundrigan 7 AD3d 556 (2nd Dept 2004). As discovery has not yet taken place, the application is premature...**

It is further respectfully submitted here that the decision of Judge Barone was not improper and that the Defendant Bethex has not established any basis under Federal Law that should cause this Court to disagree with the State Court decision denying the pre-answer motion to dismiss.

## Point I.  The Subject Motion Must Be Examined Under the Standards For A Motion to Dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6).

The Defendant Bethex asks this Court to re-examine the decision of Judge Barone but without any reference to the applicable Federal Procedural Law. If this Court were to evaluate the denial of the pre-answer motion to dismiss under State Law C.P.L.R. section 3211 then it is incumbent upon this Court to analyze the case based upon the presumption that the Defendant Bethex were moving before this Court pursuant to FRCP 12(b)(6).

Like CPLR 3211, Rule 12(b)(6) requires that the Court consider the Plaintiff's complaint and "must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." See, e.g. Bernheim v. Litt, 79 F3d. 318, 321 (2nd Cir.

2.

1996). This is precisely what Judge Barone did as evidenced by his decision where he stated:

> **On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. See, CPLR 3026. "We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit any cognizable legal theory...**

Rule 12(b)(6) is consistent with this approach as it is well-held that a court may dismiss only if it is clear that "plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. " Boddie v. Schneider, 105 F3d. 857, 860 (2nd Cir 1997).

The motion papers filed by the Defendant Bethex are without any dispositive case law supporting the contention that no matter what the factual setting a Federal Credit Union is entitled to seize as its own the property of any person contained in a bank account under the name of its own member/customer. Defendant Bethex would have this Court modify the language of the FCUA to so hold but that is not the province of this Court. Rather, the statute cited simply defines a "statutory lien" as that applying to "a member's shares and dividends...". See, 12 U.S.C. 701.39(a)(5). Neither this definition nor any case law cited by the Defendant Bethex states that the FCUA sanctions the imposition of the statutory lien on the *property of others*, not members of the credit union.

**Point II. Defendant Bethex's Rote Reliance Upon the Federal Credit Unit Act Fails to Recognize the Claim by Plaintiff Western Union To Its Own Funds, As Corroborated By Defendant Met, And That the Funds Seized by Defendant Bethex From The Bank Accounts of Defendant Met Were Actually Funds Belonging To The Plaintiff**

"The standard for granting...a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court." <u>Shrader v. CSX Transp</u>, 70 F3d. 255, 257 (2nd Cir. 1995). Here, the Defendant Bethex has not identified a "controlling decision or data" overlooked by Judge Barone. Rather, the Defendant Bethex appears to seek this Court's intervention as an appellate court which is not the function of a motion for reconsideration.

Setting aside for a moment the applicability of New York State Banking Law to the facts of this case, the Defendant Bethex's motion failed before Judge Barone, and should similarly fail here, upon a basic unresolved dispute. Whose money did Defendant Bethex take? Nothing cited in the moving papers, before or now, gives Defendant Bethex the unfettered right to the property of Plaintiff Western Union.

Considering the rights afforded by New York law, which do not conflict with the rights of Defendant Bethex purusant to the FCUA, it is clear that an issue of fact was properly construed by Judge Barone. According to New York Banking law §651-a, which applies to a Federal Credit Union, it states:

> **Remittances. Each agent of a licensee which sells any New York instruments or New York traveler's checks issued by such licensee shall, and each licensee shall so require each of its agents which sells any New York instruments or New York traveler's checks issued by such licensee <u>to report such sale and remit the face amount of New York instruments and New York traveler's checks to such licensee</u> within such period of time as the licensee requires within the normal course of its business or as the superintendent, by rule or regulation, may prescribe. <u>For purposes of this section, remittance shall include either direct payment of such funds to the licensee or the deposit of such funds in a banking organization, national bank, federal savings bank, federal savings and loan association, federal credit union</u>, or a banking institution chartered under the laws of another state or country, in an account in the name of such licensee specifically established for the purpose of receiving such funds. Remittance by such agent to such licensee or deposit by such**

> agent in such account or its equivalent of funds in advance of the sale of such New York instruments and New York traveler's checks, in an amount not less than the amount said agent would normally receive from such sales of New York instruments and New York traveler's checks, shall be deemed compliance with the provisions of this section. (emphasis added)

This section of New York State law, of which Defendant Bethex did not deny it was aware, ensured that Defendant Met made remittances of consumer money transfer and money order funds to its Principal and specifically equates "remittance" of the funds by the agent with the "deposit" of the money transfer/money order trust funds into a bank account under the control of, among others, a "federal credit union".

Based upon this argument and others, Judge Barone identified a factual question regarding the extent Defendant Bethex was familiar with the Banking laws of the State of New York and what did it do to insure that the funds remitted by Defendant Met reached Western Union. Judge Barone held:

> **The argument makes it clear to the court that mixed issues of law and fact are involved with render the dispute herein difficult to resolve at this stage of the litigation. Specifically, Western Union has advanced funds to payees nationwide based on funds deposited by individual customers into Metropolitan. Was FCUA intended to preempt all state law protecting these specific transactions? Is the actual or imputed knowledge of Bethex relevant in deciding the validity of Western Union claim?**
>
> **A record must be developed to resolve questions (citations omitted)...As discovery has not taken place, the application is premature...**

Case law cited in the opposition papers before the State Court by Plaintiff Western Union supported its claim to the funds held by Defendant Met for the Plaintiff pursuant to its agency trust relationship. The Appellate Division, First Department, in the case of <u>Daly v. Atlantic Bank</u>, 201

5.

AD2d. 128, 614 NYS2d 418 (1st Dept. 1994) held that a Bank may be liable where it was on notice that funds in its possession or control belonged to a third-party:

> **However, when a bank is on notice that funds in a depositor's account are owned by a third-party, the bank cannot appropriate those funds in order to set them off against a debt of the depositor.**

The Daly case went further and at page 130 the Court concluded that under New York law actual knowledge is not the test, rather:

> **A bank will be considered to have such notice when it is aware of facts which would fairly provoke it to inquire as to the true ownership of the funds and such inquiry, if made with ordinary diligence would reveal the true ownership…**

In addition, this Court is respectfully referred to the case of Century Indemnity v., Bank of Gowanda, 35 NYS2d. 396 affd 263 AD 1068 (1941) where the Court found that when a bank had knowledge of the source of funds it also knew the customer was acting in a fiduciary capacity and therefore had no right to offset. The Court held:

> **Trust funds do not lose their character as such by being deposited in a bank for the individual credit and account of the person who is Trustee. Bischoff v. Yorkville Bank, 218 N.Y. 106-111…**

Finally, in Grace v. Corn Exchange, 287 N.Y. 94, 100 (1941) the Court of Appeals held on the issue of the right of a third-party to its funds taken by a bank

> **If a bank wrongfully appropriates to its own use moneys deposited with it, it is of course liable for the money it has converted, as any other wrongdoer would be liable for damages caused by his wrong.**

Based upon this line of cases, and the fact that under New York State and Federal procedural law, the allegations of the Plaintiff's complaint are deemed true for purposes of this motion, Plaintiff Western

Union properly set forth valid claims for an accounting, negligence, bailment, conversion, unjust enrichment, tortious interference with contractual relations, tortious interference with business relations, money had and received and bad faith before the State Court which should be upheld here by a denial of the within motion to reconsider.

### (a) A Review of the Plaintiff's Complaint Pursuant to the Federal Rules of Civil Procedure Will Warrant the Same Conclusion Here As Was Reached By Judge Barone in the State Court

Assuming this Court were to review this within motion according to the Federal Rules of Civil Procedure the Plaintiff's verified complaint, including but not limited to paragraphs "8" and "10", would be deemed for purposes of the Defendant Bethex's motion as true with all inferences drawn therefrom to be in Plaintiff's favor. Those paragraphs read as follows:

> **8. On or about June 14, 2013 Defendant MM executed a statutorily required "Western Union North America Agency Agreement" (hereinafter "the Agreement") on behalf of the Defendant Met, whereby Met became an authorized agent of Plaintiff for the sale of Western Union money transfer services and money order products...**
>
> **10. Pursuant to the Agreement the Defendant Met, as an agent of the Plaintiff acting in a fiduciary capacity, was required to collect all monies from consumers using the Plaintiff's services and retain said funds in trust for the benefit of Plaintiff only until said funds could be deposited into a designated bank account for the benefit of Plaintiff only.**

It is significant for the Court to take notice, as well, of the sworn declaration made by Miguel Mota, President of Defendant Met, who submitted an affidavit to Judge Barone where he stated under oath that Defendant Bethex was actually made aware that the funds Defendant Met was depositing into its Bethex Credit Union bank account were funds which were the property of

7.

Plaintiff Western Union. Mr. Mota stated, in pertinent part, as follows:

> **4. In this case, Metropolitan's customers would purchase Western Union money orders or request wire transfers ("Western Union Funds"). These Western Union Funds would be deposited into Metropolitan's accounts and then ACH transferred to plaintiff. This procedure, knowledge of the source of these funds and ownership of funds was known by Bethex.**
>
> **Bethex is very familiar with the business of check cashers and remitters; see Exhibit "1" attached hereto (Bethex services more than 100 remitters) and is itself involved in the business of a check casher; see Exhibit "2" annexed hereto.**

It is respectfully submitted that Judge Barone properly analyzed the information submitted before him by all sides and rendered a fair and reasonable decision. Again, were the same motion to have been initiated in this Court by the Defendant Bethex, it is submitted, the result would have been no different. To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint should be dismissed where the claims have not been "nudged...across the line from conceivable to plausible." See, Twombly, 550 U.S. at 570.

Here, the Plaintiff's complaint has not been challenged under a Rule 12(b)(6) standard but, were this Court to consider that procedural law here then denial of the subject motion is proper.

8.

## Point III. The Federal Credit Union Act Does Not Sanction The Taking of A Third-Parties' Property.

Defendant Bethex is incorrect when it states to this Court that Judge Barone failed to consider the FCUA. Rather, what the Defendant Bethex is saying by this motion is that it desires a different result because it disagrees with the decision of Judge Barone. Thus, this motion is more akin to an appeal which has been deemed patently improper. Judge Barone's opinion correctly described the claim by Defendant Bethex and specifically stated:

> **In reply, Bethex states that its rights under the Federal Credit Union Act (FCUA) create a statutory lien which is superior to the claims of Western Union. Western Union must seek remedy against Metropolitan only. Its reliance on the New York State Banking Law is misplaced. FCUA preempts state law and gives a superior right to Bethex.**

It is true that a motion for reconsideration is governed by Local Rule 6.3. However, that Rule is only appropriate where a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court."

It has been held by the Judges of the Southern District of New York that Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." See, Allied Maritime v. The Rice Corp., 361 F.Supp2d 148,150 (SDNY 2004) citing at Fn 1 Dellefave v. Access Temps, No 99 Civ. 6098, 2001 WL 286771 (SDNY Mar 22, 2001). A motion for reconsideration "is not a substitute for appeal." RMED Int'l v. Sloan's Supermarket, 207 F. Supp2d 292, 296 (SDNY 2002). Courts

9.

have repeatedly been forced to warn counsel that such motions should not be made reflexively, "to reargue those issues already considered when a party does not like the way the original motion was resolved." See, Houbigant v. ACB Mercantile, 914 F.Supp 997, 1001, (SDNY 1996). The purpose of Local Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures v. Sirota, 700 F.Supp 169, 170 (SDNY 1988) See, also, Allied Maritime, Inc. v. The Rice Corp., 361 F.Supp.2d 148 (S.D.N.Y., 2004).

In this case the motion papers filed by the Defendant Bethex do not differ substantially from what they filed in the State Court. Defendant Bethex offers only the same argument that the FCUA governs without any case law proving that Judge Barone failed to understnad or consider the Bethex argument and/or the FCUA statutes. As such the subject motion should be denied.

## POINT IV. The Defendant Bethex's Argument Is Not Supported By The Facts.

Defendant Bethex's argument that the FCUA compels the result they sought before Judge Barone is without merit. On the one hand Defendant Bethex argued that because the bank accounts of Defendant Met were not labeled as "trust" accounts there was no right to the funds therein by Plaintiff Western Union. Based upon that argument then it was clearly a concession that notwithstanding the language of the FCUA if the Defendant Bethex had knowledge that the funds in a particular account were not the property of the member/customer, *and so labeled the account,* then the Credit Union would not be entitled to those funds pursuant to the FCUA.

This very argument should be sufficient to defeat the subject motion. As it proves that if

10.

the funds in the Met bank accounts were the property of Plaintiff Western Union, and the Defendant Bethex was aware of that fact, then notwithstanding the absence of a label on the bank accounts, the funds in question could not be seized by Defendant Bethex as property of a member subject to the FCUA statutory lien. Moreover, since the Defendant Bethex was in control of the labeling of the bank accounts under its deposit the ministerial act of labeling the account should be deemed irrelevant. Rather, the pertinent question is "Whose funds were in the member/customer's bank account at the time the Credit Union laid claim pursuant to the FCUA.?"

The Defendant Bethex argued before the State Court and reargues before this Court that it is entitled to the funds in the Defendant Met's bank accounts because the FCUA created a "priority over other creditors". This is the crux of the dispute. Plaintiff does not claim the funds in question as a "creditor" but rather as the owner of the funds. If the Court were to adopt the strict interpretation of the Defendant Bethex as the law then if the bank simply failed to label any of its bank accounts as "Trust" accounts presumably all the funds in those accounts, notwithstanding the source, would be available to the Credit Union in offset. This would include, accounts for minors, accounts for the disabled, escrow accounts, etc. Certainly, the Defendant Bethex cannot claim that if an attorney, for example, used one of his credit union accounts to hold his clients funds in trust, (with or without the banks actual notice) but failed to label the account as an escrow or trust account, that the FCUA would apply and all the funds could be taken by the Bank for its own off-set purposes. Certainly the attorney would have the right to prove to the Court that the funds contained in the credit union bank account were not his but those belonging to a third-party over which there would be no FCUA lien.

11.

**CONCLUSION.**

Based upon the foregoing, it is respectfully submitted that the Court should deny the Defendant Bethex's motion in its entirety.

Dated: January 20, 2016

_____
David J. Finkler, Esq. (df9320)

12.